that a defendant has voluntarily and understandingly entered his plea of guilty."

■■ There is nothing in the record before us to indicate that defendant's plea was other than free and voluntary nor does defendant contend in this appeal that his plea of guilty was other than free and voluntary. As the supreme court stated in *People v. Mendoza* (1971), 48 Ill.2d 371, 374, 270 N.E.2d 30:

"In view of the absence of evidence in the record or by affidavit supporting defendant's claim that he did not understand the consequences of his plea, and the failure to explain such absence, we find the petition insufficient to require a hearing and its dismissal justified."

The record in this case reflects the defendant has voluntarily and understandingly entered his plea of guilty. *See People v. Krassel* (1973), 12 Ill.App.3d 64, 298 N.E.2d 384; *People v. Shepard* (1973), 10 Ill.App.3d 739, 295 N.E.2d 310; *People v. Ellis* (1973), 16 Ill.App.3d 282, 306 N.E.2d 53; *People v. Compton* (1973), 16 Ill.App.3d 196, 305 N.E.2d 582; *People v. Fricks* (1974), 17 Ill.App.3d 933, 308 N.E.2d 820 (abstract opinion); *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559. There has been substantial compliance with Rule 402. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.

NORTHERN ILLINOIS GAS COMPANY, Plaintiff-Appellant, *v.* THOMAS M. MADDEN COMPANY, Defendant.—(CONTRACTING & MATERIAL COMPANY, Defendant-Appellee.)

(No. 73-84; )

Second District—November 27, 1974.

Opinion by Mr. JUSTICE GUILD.

Joseph J. Jares, Jr., of Chicago, for appellant.

Doyle & Tarpey, of Chicago, for appellee.